Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2558 | **DATE** | 2/13/2001 |
| **CASE TITLE** | NIKI DEVELOPMENT CORP., et al vs. HOB HOTEL CHGO. PARTNERS, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion to dismiss is hereby denied. Status hearing set for 3/16/01 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | FEB 15 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 22 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | 01 FEB 14 AM 8:38 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NIKI DEVELOPMENT CORP., an Illinois Corporation,
MARK THEATER INVESTMENT, L.L.C., an Illinois Liability Company,
MARK IV REALTY, Inc., an Illinois Corp.
MARK HOTEL INVESTMENT, L.L.C., an Illinois Liability Company, on behalf of HOB Hotel Chicago Partners, L.P. a Delaware Limited Partnership, and JOHN MARK

Plaintiffs,

v.

HOB HOTEL CHICAGO PARTNERS, L.P., a Delaware Limited Partnership,
HOB MARINA CITY PARTNERS, L.P., a Delaware Limited Partnership,
HOB HOTEL CHICAGO, INC., a Delaware Corporation
HOB MARINA CITY INC., a Delaware Corp.
HOB ENTERTAINMENT, INC., a Delaware Corporation
HOB CHICAGO, INC., a Delaware Corp.
and JEFFREY C. LAPIN,

Defendants.

No. 00 C 2558
Judge Ronald A. Guzman

## MEMORANDUM OPINION AND ORDER

Pending is Defendants' HOB HOTEL CHICAGO PARTNERS, L.P. et al's motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6). For the reasons set forth below this motion is

denied (##12-1, 12-2).

## **BACKGROUND FACTS**

This action involves a dispute between certain investors in the House of Blues Theater (the "Theater") and the House of Blues Hotel and related properties (the "Hotel") located at the Marina City complex in Chicago. In January of 1997, an entity called "HOB Hotel Chicago Partners, L.P." (The "Hotel Partnership") was formed to invest in the House of Blues Hotel. There were and are only three parties to the Hotel Partnership: the General Partner is Defendant HOB Hotel Chicago, Inc. ("HOB Hotel, Inc.") and the limited partners are Plaintiff Marks Hotel Investment L.L.C. ("MHI") and non-party House of Blues Hospitality, Inc. Defendant HOB Entertainment, Inc. ("HOB Entertainment") is the corporate parent of the General Partner, HOB Hotel, Inc.

Plaintiffs filed their original complaint in this action on March 23, 2000. Defendants responded by filing a motion to dismiss each of the counts in that complaint. Plaintiffs did not oppose that motion; instead, they filed an amended complaint which drops two counts in their entirety, drops a portion of a third count, changes the theory of three other counts, and adds a new plaintiff.

Plaintiffs' principal claim (Count I) relates to the negotiation of an amendment to the related Theater Partnership Agreement. Plaintiffs seek recission of the first amendment to the Partnership Agreement alleging that its release of their right to "put" or sell its partnership interests to the General Partner, HOB Theater, Inc., upon an initial public offering of stock was negotiated fraudulently. In addition, Plaintiffs have added three claims (Counts II, III, and IV) which relate to the Hotel Partnership Agreement. The gist of each of these three counts is that

the construction of the Hotel was mismanaged and that the alleged mismanagement resulted in cost overruns and millions of dollars lost in revenue that decreased the value of the Hotel project, and thus decreased the value of the Hotel Partnership. Plaintiffs allege gross negligence in carrying out the business of the Partnership, lack of supervision of the Operating Manager, failure to faithfully account for all dealings and transactions relating to the Partnership, failure to develop potential business and wrongfully terminated contracts necessary to the development of the business. This motion is directed only at the three claims relating to the Hotel Partnership.

## DISCUSSION

The Court may grant a Defendant's motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1975). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence in support of his or her claims. *Pickrel v. City of Springfield,* 45 F. 3d 1115, 1118 (7th Cir. 1995). Courts must treat all well-pleaded factual allegations in the complaint as true and must draw all reasonable inferences from those allegations in the plaintiff's favor. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc.,* 62 F. 3d 967, 972 (1995). Courts need not, however, "strain to find inferences favorable to the plaintiffs which are not apparent on the face of the complaint." *Coates v. Illinois State Bd. of Ed.,* 559 F. 2d 445, 447 (7th Cir. 1997).

### A. Count II: Breach of Contract-General Partners, HOB Hotel, Inc.

In Count II, Plaintiffs allege that Defendant HOB Hotel, Inc. breached Sections 5.1, 5.2 and 5.7 of the Hotel Partnership Agreement in that the General Partner failed to use its

reasonable efforts, was grossly negligent in devoting itself to the business of the partnership, and that Jeffrey Lapin, the General Partner's Operating Manager was absent from the Hotel and the commercial development project for unreasonable periods during the first year of the Partnership and was otherwise unavailable such that the business of the Partnership was unreasonably impaired; that Lapin terminated key advisors, failed to adequately pursue leasing prospects and hotel management projects, engaged in a pattern of business disparagement, and that the General Partner failed to adequately supervise Lapin. Plaintiffs further allege that Defendants violated Sections 5.4(a), 5.9 and 7.2 of the Hotel Partnership Agreement in that Defendants failed to render a just and faithful account of all dealings and transactions relating to the Partnership despite repeated requests for information and failed to timely prepare a proper budget. In addition, Plaintiffs further allege that Defendants in violation of Section 5.9 of the Partnership Agreement, and failed to perform its duties under the Partnership Agreement with ordinary prudence.

Defendants have moved to dismiss Count II on the basis that the damages alleged by Plaintiffs could not have resulted from the alleged breaches of the Limited Partnership Agreement. According to Defendants non-party Marina City Hotel Enterprises, L.L.C. was responsible for the development of the Hotel, not the Hotel Partnership. Defendants claim that the sole purpose of the Hotel Partnership was merely to "own a membership interest" in the Hotel L.L.C. Defendants claim that none of the alleged breaches bears any relationship to MHI's alleged damages.

Partnership agreements are governed by the law of contracts. *Winslow v. Wong*, 713 F. Supp. 1103, 1107 (N.D. Ill. 1989). To allege a breach of contract, the plaintiff must assert

"formation of a contract, its terms, performance by the plaintiff, that defendants breached and damages." *Id.* at 1107-08 (citing *Cleland v. Stadt*, 670 F. Supp. 814 (N.D. Ill. 1987)). "[A]s long as the terms of the contract are set forth in their entirety and defendants are informed of the alleged misconduct, plaintiffs have stated a claim."

Taking Plaintiffs' facts as true we find that Count II states a claim for breach of the Partnership Agreement. Count II sets forth a claim for failure to disclose partnership information, gross negligence and failure to manage. The purpose set forth in Section 2.5 of the Partnership Agreement is to acquire and own a membership interest in the Operating Company which was formed to develop a House of Blues Hotel and Shopping Center. Section 5.2(c) of the Partnership Agreement explains that the General Authority of the General Partner is "to exercise all the rights given to the partnership by the Operating Agreement and specifically to appoint the Partnership's Manager and to exercise any rights the Partnership has in connection with the appointment or removal of the Operating Manager." As Plaintiffs point out the Operating Agreement was executed by its two members: HOB Hotel Chicago Partnership, and Partnership Acquisition Trust VIII. Section 5.1 of the Partnership Agreement thereof grants the Hotel Partnership (through action of the general partner) the right to appoint and remove one of the two "Managers" for Hotel L.L.C. Reading the Partnership Agreement as a whole we find for purposes of this motion to dismiss that the General Partnership could be broadly charged with responsibility for the overall operations of the hotel. Taking Plaintiffs' facts as true, it could be concluded that the damages and losses sustained by Plaintiffs resulted from the mismanagement of the HOB Hotel. Therefore, Defendants' motion to dismiss Count II is denied.

## B. Count III-Breach of Fiduciary Duty

In Count III, Plaintiffs allege that Defendants breached their fiduciary duties to the Partnership. This claim is brought by Plaintiff MHI one of the two limited partners. It alleges a derivative claim under Delaware law on behalf and in the right of the limited partnership HOB Hotel Chicago Partners, L.P. against the Hotel General Partner HOB Hotel, Inc. Under Delaware law one partner owes the other partners fiduciary duties. *see Boxer v. Husky Oil Co.,* 429 A. 2d 995, 997 (1981). Defendants maintain that Count III must be dismissed because it is an improper attempt to convert a breach of contract claim into a tort claim for breach of fiduciary duty. Plaintiffs maintain that the management of the partnership by the General Partner as alleged in paragraphs 43 and 45 of the Amended Complaint was not conducted in good faith and therefore violated the General's Partners fiduciary duty to manage the Partnership with due care, and with ordinary prudence in a manner characteristic of a businessman in similar circumstances. A general partner owes his partners utmost good faith, fairness and loyalty in his partnership dealings. *Sstickler v. Sussex Life Care Associates,* 541 A.2d 587, 589. This duty exists concurrently with the obligations set forth in the partnership agreement whether or not expressed therein. *Labovitz v. Dolan,* 189 Ill.App.3d 403, 411. Moreover, Plaintiffs have alleged in paragraph 51 because of the mismanagement and the breach of various fiduciary duties, increased construction costs and overruns in excess of 10 million dollars were incurred by the Partnership. In paragraphs 19-25 of Plaintiffs' Amended Complaint plaintiffs state that they were coerced into eliminating their right to "put" their limited partnership interest to the Partnership upon the occurrence of an initial public offering. Plaintiffs further state that defendants told them that Platinum Blues Chicago had also agreed to release its "put" against the partnership in

connection with the contemplated initial public offering. Allegedly, this representation was false and first discovered to be so by Plaintiffs in late December 1996. Thus Plaintiffs have alleged breach of the fiduciary duty in the manner in which Defendants carried out the contractual duties to manage the property; breach of fiduciary duty to disclose as well as actual concealment and deception by Defendants. Accordingly, Count III survives Defendants' motion to dismiss.

### C. Count VI-Breach of Fiduciary Duty By HOB Entertainment, Inc.

Defendants final argument is that Count VI must be dismissed because HOB Entertainment did not owe any fiduciary duties to the Limited Partners simply because it was the corporate parent of the general partner. The Amended Complaint alleges that the General Partners' parent corporation HOB Entertainments, Inc. controls the corporate general partner through its ownership thereof and alleges its control over the investigation into the General Partner's mismanagement of the hotel development. (¶¶ 57,60). It is this control factor, Plaintiffs argue, rather than any personal participation that allegedly makes HOB Entertainment, Inc. potentially liable. Defendants argue no such case law supports Plaintiffs' position that corporate parent's of General Partners can be held liable for the wrongs of the General Partner. We disagree, *see In re USA Cafes, L.P. Litig.*, 600 A. 2d 43 (Del Ch. 1991). (Allegations by holders of limited partnership interests that purchaser of limited partnership's assets either offered financial incentives to the corporate general partner and to its directors to induce them to ignore their fiduciary obligations or knowingly went along with diversion of money from partnership to directors were sufficient to state claim against purchaser for participation in breach of fiduciary duty.) Obviously, whether a corporate parent can be held liable depends on the specific facts of the case–the development of which has not yet taken place. Hence, Defendants'

motion to dismiss Count IV is denied.

## CONCLUSION

For the reasons set forth above Defendants' motion to dismiss is hereby denied (##12-2 and 12-2).

SO ORDERED

ENTERED: 2/13/01

HON. RONALD A. GUZMAN
United States Judge